# STATE OF CONNECTICUT *v.* FAROULH DORLETTE
## (AC 35512)

Beach, Sheldon and Schaller, Js.

Argued September 10—officially released November 19, 2013

*Daniel J. Krisch,* assigned counsel, for the appellant (defendant).

*Leonard C. Boyle,* deputy chief state's attorney, with whom, on the brief, was *Matthew C. Gedansky,* state's attorney, for the appellee (state).

*Opinion*

BEACH, J. This case concerns the court's admission into evidence of statements allegedly made by the defendant a short time after he had been involved in an altercation in prison. The defendant, Faroulh Dorlette, who appeals from the judgment of conviction rendered after a jury trial of two counts of assault of public safety personnel in violation of General Statutes § 53a-167c (a) (1), claims that the trial court erred in admitting the postaltercation statements. We affirm the judgment of the trial court.

The following facts, which the jury reasonably could have found, and procedural history are relevant. In October, 2009, when the defendant was an incarcerated prisoner at Northern Correctional Institution in Somers, he and other prisoners returned to a housing unit from the prison's recreation yard. Without provocation, the defendant punched William Brunetti, a correction officer who had been monitoring the recreation yard, in the face near the left eye. Brunetti fell to the ground and the defendant stood over him "in a fighting stance." Alejandro Correa, another correction officer, ran toward the defendant, and the defendant fled. Correa and Brunetti chased the defendant, who, upon being

caught at the prison's control pod, began punching Correa. Other officers assisted in subduing the defendant as he continued to fight.

Once subdued, the defendant was taken to a separate housing unit, where he was handcuffed, tethered, and placed in leg irons. Correction officer Richard Zina monitored the defendant while he was in the holding cell, checking on him every fifteen minutes. Approximately thirty-five minutes after the altercation, Zina approached the defendant's cell. Zina heard the defendant say "that he was going to assault [correction] staff the first chance he got. It's not over, it just started." Zina recorded the statement in a written report.

In a pleading entitled "State's Notice to Introduce Uncharged Misconduct," the state announced its intention to introduce into evidence the defendant's statement.[1] The defendant filed a motion in limine to prevent the introduction of the evidence on the ground of unfair prejudice. The court denied the motion in limine, stating, "I don't think it's uncharged misconduct. It's a statement against interest by a party. It comes under the rubric of consciousness of guilt as far as an instruction is concerned." The state agreed, and added, "[I]t's an admission against party-opponent." The court did not expressly state that the probative value of the statement outweighed its prejudicial effect.

On direct examination, Zina testified to a somewhat different version of the defendant's statement. After refreshing his recollection by reading his written report, he testified that the defendant had said "that he wasn't done assaulting staff, that he was going to get more, and it's not over with yet. The first chance he gets, he is going to assault more staff." There was no objection to this version of the defendant's statement, which quite

---

[1] There is no claim that the statement was made in the course of custodial interrogation.

clearly had more probative value than the version recorded in the report. On cross-examination, however, after acknowledging that his present recollection of the defendant's precise words was unclear, Zina stated that what he had written in the report was what the defendant had said to him. The defendant entered into evidence Zina's written report. There was never a motion to strike Zina's prior testimony on direct examination regarding the defendant's statement.[2]

The jury found the defendant guilty on both counts of assault of public safety personnel and later found him guilty of being a persistent felony offender.[3] The defendant was sentenced to ten years incarceration and ten years special parole, which sentence was to run consecutively to any sentence previously imposed upon him. This appeal followed.

The defendant argues that the court erred in admitting his alleged postaltercation statements because they were highly prejudicial and not probative of his state of mind, his consciousness of guilt or any other material issue in the case.[4] The defendant argues that such statements, if made to Zina thirty-five minutes after a violent altercation with correction officers, would not have been probative of a guilty mind, but rather would have demonstrated only anger, a natural reaction to having been in a fight. The defendant further argues that Zina's testimony regarding his alleged statements was highly prejudicial because the statements had the potential to

---

[2] The defendant argued to the jury that the statement concerned an intention to act in the future, if indeed the defendant made the statement at all.

[3] The defendant was charged with two counts of assault of public safety personnel. The defendant was also charged in a part B information with being a persistent serious felony offender in violation of General Statutes § 53a-40 (c).

[4] As the defendant stated in his reply brief, he "did not (and does not now) claim that Zina's testimony was inadmissible because it was hearsay—only that his testimony failed the probative/prejudicial balancing required by § 4-3 of the Code of Evidence."

arouse a disproportionate emotional response in the jury, namely, one of fear and anger toward the defendant. We are not persuaded.

Connecticut Code of Evidence § 4-3 provides in pertinent part: "Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or surprise . . . ." "[T]he determination of whether the prejudicial impact of evidence outweighs its probative value is left to the sound discretion of the trial court judge and is subject to reversal only where an abuse of discretion is manifest or injustice appears to have been done. . . . [Our Supreme Court] has previously enumerated situations in which the potential prejudicial effect of relevant evidence would counsel its exclusion. Evidence should be excluded as unduly prejudicial: (1) where it may unnecessarily arouse the jury's emotions, hostility or sympathy; (2) where it may create distracting side issues; (3) where the evidence and counterproof will consume an inordinate amount of time; and (4) where one party is unfairly surprised and unprepared to meet it." (Citations omitted; internal quotation marks omitted.) *State* v. *Rinaldi*, 220 Conn. 345, 355–56, 599 A.2d 1 (1991); see also *State* v. *Smith*, 275 Conn. 205, 221–22, 881 A.2d 160 (2005) (applying probative/prejudicial balancing test to evidence admitted under hearsay exception).

Two versions of the defendant's postaltercation statement to Zina were entered into evidence: one version was written by Zina in his report and the second version was elicited from Zina on direct examination.[5] As previously noted, there was no objection to Zina's testimony on direct examination, which testimony had

---

[5] Zina recorded in his report that the defendant said "that he was going to assault [correction] staff the first chance he got. It's not over, it just started." Zina testified that he heard the defendant say "that he wasn't done assaulting staff, that he was going to get more, and it's not over with yet. The first chance he gets, he is going to assault more staff."

probative value as to the defendant's intent at the time of the incident and prejudicial effect that was not overwhelming, in light of other evidence about the altercation.[6] There was no motion to strike the testimony. Although the defendant argues that the version of the statement as phrased in the report should be considered the more reliable, the oral version is nonetheless evidence that may be considered. Because no objection was made as to Zina's testimony regarding the defendant's postaltercation statement, and there was no motion to strike it, we do not consider any claim about it on appeal. See, e.g., State v. Cosby, 99 Conn. App. 164, 171, 913 A.2d 1068 ("[a]ssigning error to a court's evidentiary rulings on the basis of objections never raised at trial unfairly subjects the court and the opposing party to trial by ambush" [internal quotation marks omitted]), cert. denied, 281 Conn. 920, 918 A.2d 273 (2007).

The version in the report, to which an objection was made in the motion in limine, is properly the subject of appeal. In light of the prior testimony, however, its admission was undoubtedly harmless. See, e.g., State v. Stovall, 142 Conn. App. 562, 582, 64 A.3d 819 (2013) (admission of cumulative evidence harmless); see also State v. George J., 280 Conn. 551, 592, 910 A.2d 931 (2006) (defendant bears burden of showing evidentiary ruling harmful), cert. denied, 549 U.S. 1326, 127 S. Ct. 1919, 167 L. Ed. 2d 573 (2007).

The prior testimony, as discussed previously, had probative value as an admission, and there was no greater degree of unfair prejudice in the version in the report. Further, the defendant introduced the report into evidence during his cross-examination of Zina, in

---

[6] Additionally, the testimony created no side issues, consumed little time, and caused no unfair surprise. The testimony was somewhat different from that which had been addressed in the motion in limine, but the defendant had been alerted to the general nature of the testimony.

an apparent effort to show that the defendant was expressing only anger at the time the statement was made, if indeed the statement was made at all.

The judgment is affirmed.

In this opinion the other judges concurred.